Hazzard v. Wallace.

## PLEADING—TRIAL—AMENDMENTS.

[Cuyahoga (8th) Circuit Court, November 7, 1904.]

Hale, Marvin and Winch, JJ.

### WILLIAM W. HAZZARD V. JOHN B. WALLACE.

AMENDMENT OF PETITION TO CONFORM TO FACTS PROVED SUBSTANTIALLY CHANGING PLAINTIFF'S CLAIM PROPERLY REFUSED.

It is not error to refuse leave to file an amended petition conforming to the facts proved at the trial, where the amended petition offered for filing substantially changes the plaintiff's claim. Laning R. L. 8629 (R. S. 5114).

ERROR to Cuyahoga common pleas court.

Blandin, Rice & Ginn and William Howel, for plaintiff in error.

Squires, Sanders & Dempsey, for defendant in error.

WINCH, J.

Plaintiff filed his petition against defendant in the common pleas court alleging in substance that on a certain day defendant for a valuable consideration agreed to buy of plaintiff thirty shares of stock in a certain corporation and pay therefor $3,000, tender of the stock by plaintiff and refusal of defendant to pay. Further alleging that he at all times has been and still is willing to deliver said stock on payment of said sum, plaintiff asked judgment in the sum of $3,000.

The answer was a general denial, and a jury being waived, the issues thus made were tried to the court. After the introduction of the plaintiff's evidence, the defendant made a motion to arrest the evidence and render judgment for the defendant, and said motion being argued and submitted to the court, the court expressed its opinion that the evidence did not make a case entitling the plaintiff to recover under the allegations of the petition; thereupon the plaintiff requested the court to consider the case upon the evidence as if the petition were amended to conform to the facts proved, which application the court then and there allowed; and thereupon the plaintiff applied to the court for leave to amend the petition to conform the same to the facts proved; which application was sustained and plaintiff submitted to the court an amended petition in the cause and asked leave of the court to file the same; which application the court refused for the reason, as stated in the journal, "that the same did not in the judgment of the court conform to the facts as proved by the evidence in the case and for no other reason whatever," to which refusal plaintiff excepted. Thereupon defendant again moved the court for judgment in his favor, which motion was sustained and

judgment for him rendered. Proper exceptions being taken, bill of exceptions was prepared and the matter brought to this court for review.

Upon the argument here it was conceded by counsel, or at least, it clearly appears from the record, that plaintiff upon the evidence adduced by him was not entitled to judgment under his original petition. The amended petition which plaintiff requested leave to file, in substance sets forth that, upon the formation of the corporation whose stock is in question, plaintiff was requested to take fifty shares; that, defendant being interested in the promotion of the company, plaintiff inquired of defendant if he would take thirty of said shares from plaintiff at par if plaintiff took the fifty shares, to which defendant agreed; thereupon plaintiff contracted for the fifty shares, afterwards paid for and received them, but defendant refused to comply with his agreement to take the thirty shares; that said thirty shares were really of the value of only $2,250 and that by reason of the breach of defendant's contract plaintiff was damaged in the sum of $750.

It is manifest that the amended petition set up an entirely different cause of action from that set up in the original petition. Such being the case, did the court err in refusing leave to file it?

Laning R. L. 8629 (R. S. 5114), provides that:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Manifestly the amended petition was offered under favor of the last clause of the statute quoted. As it substantially charged the plaintiff's claim, the court had no right to allow it to be filed. For this reason there was no error in refusing leave to file the amended petition offered. The fact that the trial judge gave another reason for his refusal is immaterial, (*Palmer* v. *Yarrington*, 1 Ohio St. 253), and whether or not the amended petition was in accordance with the facts proved at the trial and made a cause of action, need not be considered.

The cause of action set up in the amended petition was entirely different from the cause of action upon which the parties went to trial, and whatever its merit, it could not be considered in that trial.

Finding no error in the record, the judgment is affirmed.

**Hale** and **Marvin, JJ.,** concur.